## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF DEUTSCHE MORTGAGE & ASSET RECEIVING CORPORATION, COMM 2005-C6, COMMERCIAL MORTGAGE PASS THROUGH CERTIFICATES<br>c/o C-III Asset Management LLC<br>5221 N. O'Connor Blvd, Suite 600<br>Irving, TX 75039<br><br>                        Plaintiff,<br><br>   v.<br><br>PT.DUME SHOPPING CENTER, LLC<br>9301 Wilshire Boulevard, Suite 610<br>Beverly Hills, California 90210,<br><br>and<br><br>JERRY L. PRESTON, as Trustee of the, PRESTON FAMILY TRUST DATED JANUARY 15, 1999<br>9301 Wilshire Boulevard, Suite 610<br>Beverly Hills, California 90210,<br><br>and<br><br>JERRY L. PRESTON<br>9301 Wilshire Boulevard, Suite 610<br>Beverly Hills, California 90210,<br><br>                      Defendants. | CASE NO.<br><br>Judge |

## **COMPLAINT IN MORTGAGE FORECLOSURE**

1.    Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Deutsche Mortgage & Asset Receiving Corporation, COMM 2005-C6, Commercial Mortgage Pass-Through Certificates ("Plaintiff"), acting by and through C-III Asset Management LLC, its special servicer and attorney-in-fact, is the trustee of a REMIC trust. Plaintiff is a national

banking association organized under the National Bank Act, which exists under the authority of the Office of the Comptroller of the Currency, and is deemed to be a citizen of the State of South Dakota with its principal place of business at 101 N. Phillips Avenue, Sioux Falls, South Dakota 57104. The main office of Plaintiff, as set forth in its articles of association, is located in the City of Sioux Falls, County of Minnehaha, State of South Dakota.

2. Plaintiff is the successor by assignment to PNC Bank, National Association (the "Original Lender") in connection with the Note and Mortgage at issue in this action, as hereinafter defined.

3. Upon information and belief, Defendant Pt. Dume Shopping Center, LLC ("Defendant" or "Defendant Borrower") is a California limited liability company, with its principal place of business at 9301 Wilshire Boulevard, Suite 610, Beverly Hills, California 90210. Upon information and belief, the members of Defendant are not citizens of the State of South Dakota.

4. Upon information and belief, Defendant Jerry L. Preston, as Trustee of the, Preston Family Trust dated January 15, 1999 is a California trust, with its principal place of business at 9301 Wilshire Boulevard, Suite 610, Beverly Hills, California 90210. Upon information and belief, the trustee is not a citizen of the State of South Dakota.

5. Upon information and belief, Defendant Jerry L. Preston is an individual residing in California with an address of 9301 Wilshire Boulevard, Suite 610, Beverly Hills, California 90210. Upon information and belief, the Defendant is not a citizen of the State of South Dakota.

6. Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332 as there exists complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

2

7. Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial part of the property that is the subject of the action is situated in the judicial district of this Court.

**The Loan**

8. On or about May 9, 2005, Original Lender made a loan to Defendant Borrower in the original principal amount of $4,175,000.00 (the "Loan") pursuant to the terms and conditions of that certain Promissory Note (the "Note") dated of even date therewith. A true and correct copy of the Note is attached hereto and made a part hereof as Exhibit "A".

9. To secure payment of the sums due under the Note, Defendant Borrower executed and delivered to Original Lender that certain Leasehold Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing (the "Mortgage") dated as of May 9, 2005, thereby conveying to it, a leasehold interest in the land hereinafter described, with the Mortgage, having been first duly acknowledged and the certificate of acknowledgement duly endorsed thereon, and recorded on May 13, 2005 in the State of Ohio, County of Stark Recorder's Office (the "Recorder's Office") as Instrument Number 200505130030465. A true and correct copy of the Mortgage is attached hereto and made a part hereof as Exhibit "B".

10. The legal description of the mortgaged premises (the "Mortgaged Premises") is set forth on Exhibit "C" hereto. The Mortgaged Premises is located at 4824 Whipple Ave NW, Canton, OH 44512 (Stark County Parcel Number 5213959, 5216111, 5213961, 5215502 and 5216110).

11. To further secure payment of the sums due under the Note, Defendant Borrower executed that certain Assignment of Leases, Rents and Profits (the "Lease Assignment") in favor of Original Lender dated as of May 9, 2005 and recorded on May 13, 2005 with the

Recorder's Office as Instrument Number Instrument Number 200505130030466. A true and correct copy of the Lease Assignment is attached hereto and made a part hereof as Exhibit "D".

12. To further secure payment of the sums due under the Note, Defendant Borrower executed that certain Security Agreement And Lockbox Agreement (Single Tenant) (the "Lockbox Agreement") dated as of May 9, 2005; that certain Capital Improvement Escrow Agreement (the "Capital Improvement Escrow Agreement") dated as of May 9, 2005; and that certain TILC Escrow Agreement (the "TILC Escrow Agreement") dated as of May 9, 2005.

13. To further secure payment of the sums due under the Note, Defendant Borrower provided Original Lender with a security interest in, *inter alia*, the personal property of the Defendant, together with other items and things more fully identified in those certain UCC Financing Statements (the "UCC-1s") naming Defendant as Debtor and Original Lender as Secured Party, filed on May 13, 2005 with the California Secretary of State (the "Secretary of State") as File Number 05-7026484672 and recorded with the Recorder's Office on May 13, 2005 as Instrument Number 200505130030467.

14. The Plaintiff, Defendant Borrower, and Jerry L Preston ("Preston") and Preston Family Trust (the "Preston Trust") Dated January 15, 1999 (Preston and the Preston Trust, individually a Guarantor and collectively "Guarantor Defendants") entered into the Non-Recourse Indemnification Agreement ("Non-Recourse Indemnification Agreement") on May 9, 2005. A true and correct copy of the Non-Recourse Indemnification Agreement is attached hereto and made a part hereof as Exhibit "E".

15. The Mortgaged Premises, together with any and all other rights, interests, and collateral pledged as security under the Mortgage, Lease Assignment, UCC-1s and other documents evidencing the Loan are collectively referred to as the "Mortgaged Property".

16. The Mortgage was assigned to Plaintiff herein pursuant to that certain Assignment of Mortgage Loan Documents (the "Assignment of Loan Documents") dated as of May 9, 2005 and recorded on January 4, 2006 with the Recorder's Office as Instrument Number 200601040000318. A true and correct copy of the Assignment of Loan Documents is attached hereto and made a part hereof as Exhibit "F".

17. The Plaintiff and Defendant Borrower entered into that certain First Amendment to the Leasehold Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing ("First Amendment to Mortgage") dated September 4, 2007 and recorded October 12, 2007 with the Recorder's Office as Instrument 200710120055298. A true and correct copy of the First Amendment to Mortgage is attached hereto and made a part hereof as Exhibit "G".

18. The UCC-1s were assigned to Plaintiff pursuant to those certain UCC Financing Statement Amendments (the "UCC-3s") filed on August 7, 2006 with the Secretary of State as File Number. 06-70807178 and recorded on February 3, 2006 with the Recorder's Office as Instrument Number 200602030006750. The UCC-3s were continued on November 24, 2014 with the Secretary of State as File Number 14-74378053, and recorded on December 2, 2014 as Instrument Number 201412020045803 with the Recorder's Office.

19. The Note, Mortgage, Lease Assignment, Lockbox Agreement, Capital Improvement Escrow Agreement, TILC Escrow Agreement, Indemnity, Environmental Indemnity, UCC-1s, Assignment of Loan Documents, and UCC-3s, together with any and all other documents evidencing and securing the Loan are hereinafter collectively referred to as the "Loan Documents."

20. Defendant Borrower is the record owner of the Mortgaged Property.

21. Plaintiff is the current holder of the Note and Mortgage and has physical possession of the original Note.

22. Upon information and belief, the Mortgage, Lease Assignment, UCC-1s, and UCC-3s are the first and best liens on the Mortgaged Property, excepting the lien for real estate taxes, as evidenced by the Commitment for Title Insurance (the "Title Commitment") effective December 28, 2015 a copy of which is attached hereto and made a part hereof as Exhibit "H".

**Defendants' Defaults**

23. Based on each of the Maturity Default, the Recourse Defaults and the Gross Rent Default (each, a "Default" and collectively with any other defaults not yet known or not yet committed, sometimes, the "Defaults") as more fully identified below, individually and collectively, together with any and all other Defaults by Defendants under the Loan Documents, Plaintiff has declared the Loan in default in accordance with the terms of the Note and the Mortgage.

24. Defendant Borrower has failed to pay the full amount due and owing under the Loan Documents (the "Indebtedness") on or before the June 1, 2015 maturity date under the Loan Documents (the "Maturity Default").

25. On or about February 14, 2014, and without Plaintiff's knowledge or consent, Defendant Borrower agreed to an early termination (the "Petco Early Lease Termination") of its lease (the "Petco Lease") at the Property with Petco Animal Supplies Stores, Inc. ("Petco"). Attached hereto as Exhibit I is a copy of a Termination of Lease and Release Agreement (the "Termination Agreement") between Defendant Borrower and Petco. The term of the Petco Lease was not scheduled to end until October 1, 2018, and the rent (the "Petco Rent") due under the Petco Lease through the end of the term of that lease was $2,129,870.96. As is evidenced by

6

the Termination Agreement, and notwithstanding the fact that $2,129,870.96 remained due under the Petco Lease through the end of the term of the Petco Lease, Defendant Borrower agreed to and accepted the sum of $1,000,000.00 as a 'Termination Payment', as defined in the Termination Agreement, and in 'full satisfaction of all amounts due to Landlord from [Petco] in connection with the [Petco] Lease. In the Termination Agreement, Defendant Borrower also falsely and with malice aforethought, represented and warranted to Petco, to Plaintiff's detriment, that ' . . . (i) there is no trust deed or mortgage encumbering the [P]roperty, (ii) there is no Lender with any lien on the [P]roperty . . . who may have an interest in the termination of the Lease, (iii) that no lender's consent or other third parties' prior written consent to the within termination of the Lease are required before terminating the Lease . . . . " Moreover, in early 2015, Defendant Borrower provided Plaintiff with a yearend 2014 operating statement, in which it failed to disclose its receipt of the Termination Payment. In light of the foregoing, Defendant Borrower is further in default (the "Recourse Defaults") of its obligations under the Loan Documents for its (a) failure to seek and obtain Plaintiff's consent before agreeing to terminate Petco Lease for the Mortgaged Premises before the end of the term of the Petco Lease; (b) its having made material and fraudulent misrepresentations in the Termination Agreement it signed with Petco to Plaintiff's detriment; (c) its having received from Petco the Termination Payment of $1,000,000.00 on account of rent due under the Petco Lease without remitting the Early Termination Rental Payment to Plaintiff; and (d) its having deprived Plaintiff of its collateral in the form of rent due and owing under the Petco Lease for the full term of the Petco Lease, or at least for the period of the term of the Petco Lease co-incident with the time that Plaintiff has an security interest in the rents generated from the Petco Lease and, beyond that, for any period of time following the conclusion of this foreclosure action during which Plaintiff owns the

7

Mortgaged Premises; and (e) its having made material and fraudulent misrepresentations to Plaintiff in its year end 2014 financial reporting.

26. Defendant is also in default (the "Gross Income Default") for failing to remit to Plaintiff the Gross Income from the Mortgaged Premises, as that term is defined in the Lockbox Agreement. Specifically, and as of June 1, 2015 and continuing to the present, and contrary to its obligations under the Loan Documents, Defendant Borrower has only made partial remittances of rent to Plaintiff.

27. Defendant is in further default (the "Insurance Default"), for failing to keep Policies of property insurance and liability insurance as defined in the Mortgage, and contrary to its obligations under the Loan Documents.

28. Pursuant to the terms of the Loan Documents and as a result of Defendant's Defaults, interest is accruing at the note interest rate of 5.6 percent (5.6%) (the "Note Interest"), and at the default rate of four percent (4%) (the "Default Rate").

29. Pursuant to the terms of the Loan Documents and as a result of Defendant's Defaults, Defendants must reimburse Plaintiff for all reasonable costs and expenses of collection.

30. As a result of the Defaults, the following sums are due and owing under the Note and Mortgage as of December 21, 2015 (together with attorneys' fees and costs and continuing interest, as more fully described below, collectively, the "Indebtedness"):

| | |
|---|---|
| Principal: | $ 3,344,136.29 |
| Note Interest at 5.6% (paid thru 12/31/15) | $ ------------- |
| Default Interest at 4.0% (2/19/14- 12/21/15) | $263,233.35 |
| Late Fees: | $176,108.33 |

8

| | |
|---|---|
| Noteholder Costs and Expenses | $36,862.47 |
| Protective Advances (Title Update): | $2,952.00 |
| Doc/Process/Release Fee | $500.00 |
| **Total:** | **$3,823,792.45** |

In addition thereto, and consistent with the terms and conditions set forth in the Loan Documents, Plaintiff's attorneys' fees and costs together with per diem interest at the regular rate and continuing per diem interest at the default rate until the Mortgaged Property is sold at foreclosure sale, as well as costs incurred to confirm and complete the foreclosure, are due and owing under the Note and Mortgage. See Affidavit of Christopher Hamilton attached hereto and made a part hereof as Exhibit "J".

## FIRST CAUSE OF ACTION – MORTGAGE FORECLOSURE

31. Plaintiff incorporates herein by reference paragraphs 1-30, above, as fully as though the same were set forth herein at length.

32. Defendant Borrower is a party herein because it is an obligor and mortgagor under the Loan Documents, and to extinguish any interest that it has or may have in and to the Mortgaged Property.

33. Any interest or lien which any Defendant Borrower herein has, or may claim to have, in or upon the Mortgaged Property, or any part thereof, is subject and subordinate to the liens of the Mortgage, Assignment of Loan Documents and UCC-3s.

34. Plaintiff has a valid and subsisting first mortgage lien on the Mortgaged Property, excepting the lien for real estate taxes, and is entitled to foreclose its lien.

WHEREFORE, Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Deutsche Mortgage & Asset Receiving Corporation, COMM 2005-C6, Commercial Mortgage

Pass-Through Certificates, hereby demands judgment in its favor and against Defendant Pt. Dume Shopping Center, LLC as follows:

  A. Fixing the amount due under the Note and the Mortgage at $3,823,792.45 together with continuing per diem interest thereon in the amount of $520.20 at the regular rate from and after December 31, 2015 and continuing per diem interest thereon in the amount of $371.57 at the default rate from and after December 21, 2015, until the Mortgaged Property is sold at foreclosure sale, together with any and all other amounts advanced by Plaintiff during the pendency of this action, together with attorneys' fees and costs of this action;

  B. Ordering that the liens of the Mortgage, Assignment of Loan Documents, and the UCC-3s be adjudged valid and subsisting first liens on the Mortgaged Property, excepting the lien for real estate taxes;

  C. Ordering that the Mortgage be foreclosed and cancelled;

  D. Foreclosing all right, title, lien and equity of redemption which any Defendant and all those claiming by, through or under it have or had in the Mortgaged Property and ordering that said Mortgaged Property be sold;

  E. Finding that Defendant, and all those claiming under or through it, has knowingly and voluntarily waived any and all statutory right of redemption, which Defendant and all those claiming by, through or under it has or had in the Mortgaged Property;

  F. Ordering that the Mortgaged Property be sold and the proceeds of such sale be applied first in payment of the judgment of the Plaintiff;

  G. Ordering that all Defendants be required to set forth any claim, lien or interest which he, she or it may have or claim to have in or upon the Mortgaged Property or be forever barred therefrom;

      H.      Ordering that all liens be marshaled;

      I.      Ordering that Plaintiff may exercise its rights as to all rents, issues and profits generated by or associated with the Mortgaged Property and apply such rents, issues and profits to amounts due and owing Plaintiff pursuant to the Note;

      J.      Ordering that Plaintiff be entitled to an immediate order of possession to recoup the collateral described in the UCC-3s or, in the alterative, to have such collateral included in the appraisal of the Mortgaged Property and auctioned off as part of the Mortgaged Property;

      K.      Appointing a receiver to operate and manage the Mortgaged Property during the pendency of this action, and authorizing said receiver to make and conduct a public sale of the Mortgaged Property pursuant to 28 U.S.C. § 2001;

      L.      For all costs and expenses, including attorneys' fees, incurred by Plaintiff in pursuing this action; and

      M.      Ordering such other relief as this Honorable Court shall deem appropriate.

## SECOND CAUSE OF ACTION – BREACH OF PROMISSORY NOTE

35.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36.    The Note is a valid and enforceable agreement between Plaintiff and Defendant.

37.    Plaintiff has fully complied with all of its obligations contained in the Note.

38.    Defendant has breached the Note and defaulted under its obligations set forth in the Note by failing to pay the entire amount of the Indebtedness on or before the Maturity Date.

39.    The entire amount of the Indebtedness remains due and owing as of the date of this Complaint.

40.    As a result of Defendant's breach, Plaintiff has suffered, and will continue to

suffer, monetary damage in the amount of $3,823,792.45, plus interest, costs and ongoing attorneys' fees.

WHEREFORE, the Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Deutsche Mortgage & Asset Receiving Corporation, COMM 2005-C6, Commercial Mortgage Pass-Through Certificates, hereby demands judgment in its favor and against Defendant Pt. Dume Shopping Center, LLC in the amount of $3,823,792.45, plus prejudgment interest, post-judgment interest, attorneys' fees, costs, and any additional relief deemed just and appropriate.

### THIRD CAUSE OF ACTION- BREACH OF LOCKBOX AGREEMENT

41. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42. The Lockbox Agreement is a valid and enforceable agreement between Plaintiff and Defendant.

43. Plaintiff has fully complied with all of its obligations contained in the Lockbox Agreement.

44. Defendant has breached the Lockbox Agreement and defaulted under its obligations set forth in the Lockbox Agreement by failing to remit and only making partial remittances of rent to Plaintiff.

45. As a result of Defendant's breach, Plaintiff has suffered, and continues to suffer, monetary damage in the amount of in excess of $75,000.00, to be proven at trial.

WHEREFORE, the Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Deutsche Mortgage & Asset Receiving Corporation, COMM 2005-C6, Commercial Mortgage Pass-Through Certificates, hereby demands judgment in its favor and against

Defendant Pt. Dume Shopping Center, LLC in the amount of excess of $75,000.00, to be proven at trial, plus prejudgment interest, post-judgment interest, attorneys' fees, costs, and any additional relief deemed just and appropriate.

## **FOURTH CAUSE OF ACTION – BREACH OF ASSIGNMENT OF LEASES AND RENTS FOR TERMINATION PAYMENT**

46. Plaintiff incorporates herein by reference paragraphs 1-45, above, as fully as though the same were set forth herein at length.

47. The Assignment of Leases and Rents is a valid and enforceable contract entered into between Plaintiff and Defendant.

48. Plaintiff has performed all of its obligations under the Assignment of Leases and Rents.

49. Defendant has breached the Assignment of Leases and Rents, and Section 5, by entering into the Lease Termination Agreement dated February 19, 2014 without the consent of Plaintiff required under the Assignment of Lease and Rents.

50. Defendant further breached the Assignment of Leases and Rents and Sections 1,3,4, and 5, by accepting a Termination Payment from Tenant and failing to remit that payment to Plaintiff as required by the Loan Documents, including but not limited to the Note, Mortgage and Assignment of Leases and Rents.

51. As a result of Defendant's breach of contract, Plaintiff has suffered, and will continue to suffer, monetary damage.

52. Guarantor Defendants are liable to Plaintiff under the Non-Recourse Indemnification Agreement by virtue of having failed to seek and obtain Plaintiff's consent to the Petco Lease Termination, for failing to disclose to Plaintiff the Lease Termination Agreement, for failing to disclose and remit to Plaintiff the Termination Fee, for making false

and fraudulent representations and warranties in the Termination Agreement and for making false and fraudulent statements in its yearend 2014 financial reporting to Plaintiff.

WHEREFORE, Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Deutsche Mortgage & Asset Receiving Corporation, COMM 2005-C6, Commercial Mortgage Pass-Through Certificates, hereby demands judgment in its favor and against Defendant Pt. Dume Shopping Center, LLC and Guarantor Defendants, jointly and severally, in an amount equal to all rents that would have been generated from the Petco Lease from and after the date of the early termination of the Petco Lease up through and including any period of time during which Plaintiff has a security interest in the of $1,000,000.00, plus prejudgment interest, post-judgment interest, attorneys' fees, costs, and any additional relief deemed just and appropriate.

**FIFTH CAUSE OF ACTION – BREACH OF ASSIGNMENT OF LEASES AND RENTS FOR LOSS OF PROPERTY VALUE**

53. Plaintiff incorporates herein by reference paragraphs 1-52, above, as fully as though the same were set forth herein at length.

54. The Assignment of Leases and Rents is a valid and enforceable contract entered into between Plaintiff and Defendant.

55. Plaintiff has performed all of its obligations under the Assignment of Leases and Rents.

56. Defendant further breached the Assignment of Leases and Rents by entering the New Lease without the Plaintiff's approval, and impairing the Plaintiff's ability to seek specific performance against Petco, for its obligations under the Petco Lease by releasing Petco under the Lease Termination Agreement.

57. Defendant significantly decreased the value of the Property by terminating the Petco Lease and entering the New lease.

58. As a result of Defendant's breach of contract, Plaintiff has suffered, and will continue to suffer, monetary damage in an amount in excess of $75,000.00 to be proven at trial.

59. Guarantor Defendants are liable to Plaintiff under the Non-Recourse Indemnification Agreement by virtue of having failed to disclose to Plaintiff the Lease Termination Agreement, New Lease, and the Termination Fee.

WHEREFORE, Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Deutsche Mortgage & Asset Receiving Corporation, COMM 2005-C6, Commercial Mortgage Pass-Through Certificates, hereby demands judgment in its favor and against Defendant Pt. Dume Shopping Center, LLC and Guarantor Defendants, jointly and severally, for the decrease in the value of the Property caused by the Defendant in an amount in excess of $75,000.00, to be proven at trial, plus prejudgment interest, post-judgment interest, attorneys' fees, costs, and any additional relief deemed just and appropriate.

### SIXTH CAUSE OF ACTION – FRAUD AND MISREPRESENTATION

60. Plaintiff incorporates herein by reference paragraphs 1-59, above, as fully as though the same were set forth herein at length.

61. Defendant and Guarantor Defendants engaged in fraud and/or made material misrepresentations to Plaintiff, by failing to account for the Termination Payment in the year end 2014 Operating Statement provided by Defendant to Plaintiff.

62. Defendant made material and fraudulent misrepresentations to Petco under the Lease Termination Agreement, and specifically in Sections 4(i), (ii) and (iii) thereof, to the detriment of Plaintiff and presumably in order to induce Petco to enter into the Lease Termination Agreement.

63. Defendant violated the Loan Documents, including but not limited to the Note, Mortgage and specifically Section 14 of the Mortgage, and the Assignment of Leases and Rents, by refusing to disclose the $1,000,000.00 Termination Fee it received, and further concealed this payment through the misrepresentations and omissions made by Defendant to Plaintiff in Defendant's year end 2014 Operating Statement.

64. Defendant and Guarantor Defendants committed fraud by making misrepresentations and concealments on the year end 2014 Operating Statement where the Loan Documents, and Section 14 of the Mortgage, imposed a duty on Defendant to disclose truthful and accurate operating statements. Defendant's and Guarantor Defendants misrepresentations and concealments were material.

65. Defendant and Guarantor Defendants made the representations falsely, with knowledge of the falsities, and/or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred.

66. Defendant and Guarantor Defendants intended to mislead the Plaintiff and fraudulently caused justifiable reliance upon the representation or concealment, which resulted in injury to Plaintiff proximately caused by the reliance.

67. As a result of Defendant's fraud, Plaintiff has suffered, and will continue to suffer, monetary damage in excess of $75,000.00, to be proven at trial.

WHEREFORE, Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Deutsche Mortgage & Asset Receiving Corporation, COMM 2005-C6, Commercial Mortgage Pass-Through Certificates, hereby demands judgment in its favor and against Defendant Pt. Dume Shopping Center, LLC and Guarantor Defendants, jointly and severally, for the monetary damages caused by the Defendant in an amount in excess of $75,000.00, to be

proven at trial, plus prejudgment interest, post-judgment attorneys' fees, costs, and any additional relief deemed just and appropriate.

                                      **DINSMORE & SHOHL LLP**

Date: January 8, 2016              By:   *s/Joseph C. Krella*
                                                  Joseph C. Krella, Esquire (0083527)
                                                  Fifth Third Center
                                                  1 S. Main St., Suite 1300
                                                  Dayton, OH 45402
                                                  T: (937)463-4926; F: (937)449-6405
                                                  joseph.krella@dinsmore.com
                                                  *Attorney for Plaintiff*