# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF DEUTSCHE MORTGAGE & ASSET RECEIVING CORPORATION, COMM 2005-C6, COMMERCIAL MORTGAGE PASS THROUGH CERTIFICATES,<br><br>        Plaintiff,<br><br>vs.<br><br>PT. DUME SHOPPING CENTER, LLC, et al.,<br><br>        Defendants. | CASE NO. 5:16-cv-00044<br><br>[the "Canton Action"]<br><br>JUDGE SARA LIOI<br><br>**MEMORANDUM OPINION AND ORDER** |
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF DEUTSCHE MORTGAGE & ASSET RECEIVING CORPORATION, COMM 2005-C6, COMMERCIAL MORTGAGE PASS THROUGH CERTIFICATES,<br><br>        Plaintiff,<br><br>vs.<br><br>PT. DUME SHOPPING CENTER, LLC,<br><br>        Defendant. | CASE NO. 4:16-cv-00048<br><br>[the "Boardman Action"]<br><br>JUDGE SARA LIOI |
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF DEUTSCHE MORTGAGE & ASSET RECEIVING CORPORATION, COMM 2005-C6, COMMERCIAL MORTGAGE PASS THROUGH CERTIFICATES,<br><br>       Plaintiff,<br><br>vs.<br><br>PT. DUME SHOPPING CENTER, LLC,<br><br>       Defendant. | CASE NO. 1:16-cv-00050<br><br>[the "Mentor Action"]<br><br>JUDGE SARA LIOI |

Before the Court is plaintiff's motion for judgment on the pleadings. (Doc. No. 29 ["Mot."].) Defendants filed a memorandum in opposition (Doc. No. 30 ["Opp'n"]),[1] and plaintiff filed a reply (Doc. No. 31 ["Reply"]). For the reasons set forth herein, plaintiff's motion is **granted in part and denied in part**.

## I. BACKGROUND

On January 8, 2016, plaintiff Wells Fargo Bank, N.A., as trustee ("plaintiff"), filed the above-captioned complaints in foreclosure. They were consolidated on March 25, 2016. On April 21, 2016, by stipulated order, a receiver was appointed.

In Case No. 5:16-cv-00044 (the "Canton Action"), plaintiff names three defendants: Pt. Dume Shopping Center, LLC ("defendant Borrower"), Jerry L. Preston, as Trustee of the Preston Family Trust (the "Preston Trust"), and Jerry L. Preston, individually ("Preston") (collectively, the "defendants").

The Canton Action alleges that, on or about May 9, 2005, plaintiff's predecessor[2] made a loan to defendant Borrower in the principal amount of $4,175,000.00, pursuant to the terms and conditions of a promissory note of the same date. (Compl. ¶ 8.)[3] To secure payment of the note, defendant Borrower executed a mortgage on premises located at 4824 Whipple Ave NW, Canton, OH 44512 (the "Canton Mortgaged Premises"), along with other agreements outlined in the complaint (*id.* ¶¶ 9-12),[4] and also granted a security interest in personal property that was

---

[1] Defendants also filed a motion for oral argument. (Doc. No. 32.) In view of the ruling on plaintiff's motion for judgment on the pleadings, oral argument is not necessary. Therefore, Doc. No. 32 is denied.

[2] Plaintiff is the successor by assignment to PNC Bank, N.A., the original lender, in connection with the note and mortgage at issue. (Complaint, Doc. No. 1 ["Compl."] ¶ 2.)

[3] Copies of all relevant documents are attached as exhibits to the complaint. The Court may take these documents into account without converting the instant motion into one for summary judgment because the documents "are referred to in the complaint and are central to the claims contained therein[.]" *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citations omitted).

[4] These agreements were amended on September 4, 2007 and thereafter recorded. (Compl. ¶ 17.)

fully identified in recorded UCC Financing Statements. (*Id.* ¶ 13.) Plaintiff, defendant Borrower, Preston and the Preston Trust (Preston and the Preston Trust, collectively, the "Guarantor Defendants") entered into a non-recourse indemnification agreement dated May 9, 2005. (*Id.* ¶ 14.) The Canton Mortgaged Premises, along with all other collateral pledged as security under the documents evidencing the loan are collectively referred to as the "Canton Mortgaged Property." Plaintiff is the current holder of the note and mortgage. (*Id.* ¶ 21.)

Plaintiff alleges that defendants defaulted on the loan and otherwise breached some or all of the various agreements. The Canton Action sets forth six causes of action: (1) mortgage foreclosure; (2) breach of promissory note; (3) breach of lockbox agreement; (4) breach of assignment of leases and rents for termination payment; (5) breach of assignment of leases and rents for loss of property value; and (6) fraud and misrepresentation.

The Boardman Action (Case No. 4:16-cv-00048) and the Mentor Action (Case No. 1:16-cv-00050) are based on similar allegations with respect to other mortgaged premises.[5] Each of those complaints set forth three causes of action against defendant Borrower only: (1) breach of promissory note; (2) breach of lockbox agreement; and (3) mortgage foreclosure.

On July 25, 2016, the first two claims in the Canton Action were resolved by way of a stipulated, and approved, Consent Judgment in Mortgage Foreclosure. (*See* Doc. No. 36.)[6] A receiver sale was conducted and the Court confirmed that sale for each of the subject mortgaged premises. (*See* Doc. No. 45.) Plaintiff has expressly reserved the third and sixth causes of action

---

[5] The mortgaged premises in the Boardman Action are located at 317 Boardman Poland Road, Boardman, OH 44512. (*See* Boardman Action Complaint ¶ 8.) The mortgaged premises in the Mentor Action are located at 7721 Mentor Avenue, Mentor, OH. (*See* Mentor Action Complaint ¶ 8.)

[6] The Consent Judgment also resolved the counterpart claims (Counts 1 and 3) in both the Boardman Action and the Mentor Action.

for resolution on summary judgment.[7] The fourth and fifth causes of action are the subject of the current motion for judgment on the pleadings.[8]

## II. DISCUSSION

**A.     Legal Standard**

On a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), a court applies the same standard as on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008). "'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *Id.* (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). "In particular, when a plaintiff moves for judgment on the pleadings, the motion should be granted if, 'on the *undenied* facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law.'" *Forgues v. Select Portfolio Servicing, Inc.*, No. 1:15-CV-1670, 2016 WL 543186, at *1 (N.D. Ohio Feb. 10, 2016) (quoting *Lowden v. Cnty. of Clare*, 709 F. Supp. 2d 540, 546 (E.D. Mich. 2010)) (emphasis added by *Forgues*).

**B.     Analysis**

At the time plaintiff's motion for judgment on the pleadings was filed, the parties had not yet entered into their consent judgment, there had been no foreclosure sale, and the Court had not yet been presented with a proposed order of confirmation for its approval. All those events have since occurred. As a result, all that remains for resolution as to the pending motion is a

---

[7] The counterpart claim (Count 2) in both the Boardman Action and the Mentor Action is similarly reserved. There is no sixth cause of action in either of those complaints.

[8] There are no counterpart fourth or fifth causes of action in the Boardman Action or the Mentor Action.

determination of whether plaintiff is entitled to judgment on the pleadings as to the fourth and fifth causes of action in the Canton Action.

Plaintiff asserts, based on allegations in ¶ 25 of the Canton Action, that the three defendants breached the Canton Lease Assignment by granting a tenant (Petco) early termination of its lease, without plaintiff's consent, without requiring full payment of the balance of the rents due on the tenant's lease, and without remitting the $1,000,000.00 transfer payment to plaintiff. In full, ¶ 25 alleges:

> 25. On or about February 14, 2014, and without Plaintiff's knowledge or consent, Defendant Borrower agreed to an early termination (the "Petco Early Lease Termination") of its lease (the "Petco Lease") at the Property with Petco Animal Supplies Stores, Inc. ("Petco"). Attached hereto as <u>Exhibit I</u> is a copy of a Termination of Lease and Release Agreement (the "Termination Agreement") between Defendant Borrower and Petco. The term of the Petco Lease was not scheduled to end until October 1, 2018, and the rent (the "Petco Rent") due under the Petco Lease through the end of the term of that lease was $2,129,870.96. As is evidenced by the Termination Agreement, and notwithstanding the fact that $2,129,870.96 remained due under the Petco Lease through the end of the term of the Petco Lease, Defendant Borrower agreed to and accepted the sum of $1,000,000.00 as a 'Termination Payment', as defined in the Termination Agreement, and in 'full satisfaction of all amounts due to Landlord from [Petco] in connection with the [Petco] Lease. In the Termination Agreement, Defendant Borrower also falsely and with malice aforethought, represented and warranted to Petco, to Plaintiff's detriment, that '… (i) there is no trust deed or mortgage encumbering the [P]roperty, (ii) there is no Lender with any lien on the [P]roperty … who may have an interest in the termination of the Lease, (iii) that no lender's consent or other third parties' prior written consent to the within termination of the Lease are required before terminating the Lease … . "Moreover, in early 2015, Defendant Borrower provided Plaintiff with a yearend 2014 operating statement, in which it failed to disclose its receipt of the Termination Payment. In light of the foregoing, Defendant Borrower is further in default (the "Recourse Defaults") of its obligations under the Loan Documents for its (a) failure to seek and obtain Plaintiff's consent before agreeing to terminate Petco Lease for the Mortgaged Premises before the end of the term of the Petco Lease; (b) its having made material and fraudulent misrepresentations in the Termination Agreement it signed with Petco to Plaintiff's detriment; (c) its having received from Petco the Termination Payment of $1,000,000.00 on account of rent due under the Petco Lease without remitting the Early Termination Rental Payment to Plaintiff; and (d) its having deprived Plaintiff of its collateral in the form of rent due and owing

under the Petco Lease for the full term of the Petco Lease, or at least for the period of the term of the Petco Lease co-incident with the time that Plaintiff has an [sic] security interest in the rents generated from the Petco Lease and, beyond that, for any period of time following the conclusion of this foreclosure action during which Plaintiff owns the Mortgaged Premises; and (e) its having made material and fraudulent misrepresentations to Plaintiff in its year end 2014 financial reporting.

Plaintiff argues in its motion that defendants "do not dispute" the allegations in ¶ 25 of the Canton Action, relying upon defendants' admission that all the documents speak for themselves. (Mot. at 702.)[9] It is plaintiff's position that defendants "undisputedly admits [sic] that [they] cause [sic] damages in the amount of $2,129,870.96, and with held [sic] the $1,000,000.00 Termination Payment from [plaintiff]." (*Id.* at 703, citing ¶ 25.)

In fact, in their answer to ¶ 25 of the Canton Action, the three defendants stated:

> 25.  Answering Defendants state that any document referred to in Paragraph 25 of Plaintiff's Complaint speaks for itself. **To the extent that any allegations are made within Paragraph 25, same are denied leaving Plaintiff to its strict proofs.**

(Answer, Doc. No. 19, emphasis added.) Defendants, therefore, argue in opposition to the motion that they "unambiguously denied the allegations of Paragraph 25[,]" and that plaintiff "includes a tortured reading of Defendants' Answer within its Motion." (Opp'n at 725.) Defendants "do not deny that the portion of the documents *quoted* … state what Plaintiff represents[,]" but defendants "unequivocally deny that the documents are to be ***read into, construed, inferred and/or interpreted*** – both factually and legally – as Plaintiff has represented and concluded within its Complaint and its Motion." (*Id.*, emphasis in original.)

Moreover, defendants point out that they have uniformly denied all the allegations in the paragraphs of the complaint that make up the actual fourth and fifth causes of action. Defendants

---

[9] All page number references are to the page identification number generated by the Court's electronic docketing system.

argue: "Surprisingly, Plaintiffs [sic] cite to Defendants' Answer to Paragraphs 46-52 and 53-59, in addition to Paragraph 25, as further support that Defendants have 'admitted' that they have breached the Assignment of Leases and Rents. (Motion, pp. 17-18)." (Opp'n at 727.) But this is incorrect; plaintiff's paragraph citations are all to the "Canton Compl." and not to any answer.

What *is* true, however, is that plaintiff has *only* cited to the complaint, and has completely ignored the denials in the counterpart paragraphs of the answer. Plaintiff asserts that the factual allegations must be construed in its favor. (Mot. at 703, citing *BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, No. 2:11-cv-274, 2013 WL 271793, at *1 (S.D. Ohio Jan. 24, 2013)). But in *Fall Oaks*, the Rule 12(c) motion was made by a third-party defendant. The court properly construed the facts in the plaintiff's favor, since plaintiff was the non-movant. That is not the case here. As pointed out in *Forgues*, *supra*, "the motion should be granted if, 'on the *undenied* facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law.'" (emphasis in original). *See also*, *Tucker, supra*.

It is not, as plaintiff seems to argue, a simple matter of giving legal effect to the various contracts and agreements attached to the complaint. There are disputed *factual* matters in ¶ 25 of the complaint that must be established by way of evidence, including, at the very least, that: (1) defendant terminated Petco's lease "without Plaintiff's knowledge or consent[;]" (2) "[t]he term of the Petco Lease was not scheduled to end until October 1, 2018, and the rent (the "Petco Rent") due under the Petco Lease through the end of the term of that lease was $2,129,870.96[;]" and, (3) defendant Borrower "falsely and with malice aforethought, represented and warranted to Petco, to Plaintiff's detriment, that '… (i) there is no trust deed or mortgage encumbering the [P]roperty, (ii) there is no Lender with any lien on the [P]roperty … who may have an interest in

the termination of the Lease, (iii) that no lender's consent or other third parties' prior written consent to the within termination of the Lease are required before terminating the Lease." This Court cannot simply overlook defendants' denial of all of these allegations.

In summary, it is premature on the record currently before this Court to conclude that plaintiff is entitled to judgment *on the pleadings*.

### III. CONCLUSION

For the reasons set forth herein, to the extent plaintiff's motion (Doc. No. 29) seeks judgment on the pleadings with respect to the fourth and fifth causes of action in the Canton Action, it is denied. That said, the Court notes that plaintiff will not be precluded from seeking summary judgment on these and the other remaining claims at such time as that may be appropriate. In all other respects, the motion is granted in accordance with the Consent Judgment and the Order of Confirmation of Sales and Distribution filed contemporaneously herewith.

### IV. SUBSEQUENT PROCEEDINGS

The Court will conduct a telephone conference, with counsel only, on January 26, 2017 at 1:00 p.m. to discuss case management going forward. Plaintiff's counsel shall initiate the phone call, and join the Court at 330-252-6060 after all counsel are on the line.

Counsel shall confer and, by January 23, 2017, shall file their suggestions as to a case management plan, based on what remains for resolution in the three cases.

**IT IS SO ORDERED**.

Dated: January 5, 2017

                                                      **HONORABLE SARA LIOI**
                                                      **UNITED STATES DISTRICT JUDGE**